# EXHIBIT C



Rochester Institute of Technology
Student Affairs
Student Conduct
and Conflict Resolution
44 Lomb Memorial Drive
Rochester, NY 14623
Tel: 585-475-5662
Fax: 585-475-7366
http://www.rit.edu/studentconduct

May 5, 2023

Marcel Koszkul
Sent electronically to mek4535@rit.edu

**PERSONAL AND CONFIDENTIAL**

Regarding Case Number: 2022174202

Dear Marcel:

This letter is to inform you of the results of the Student Conduct hearing conducted on April 19, 2023, regarding allegations described in the Title IX Investigative Report (in reference to Public Safety report #22-1786). That hearing was conducted to determine if you violated RIT's Policy on Title IX Sexual Harassment for Faculty, Staff, and Students (C27.0) or RIT's Student Gender-based and Sexual Misconduct Policy (D19.0). Based on a preponderance of the evidence, the hearing officers have determined that you are not responsible for violations of both Policy C27.0 and Policy D19.0.

<u>Alleged Policy Violation</u>

On July 29, 2022, Michelle Carney (the "Complainant") filed an online report alleging that she was sexually assaulted/raped by Marcel Koszkul (the "Respondent"). On August 22, 2022, the Complainant submitted a formal complaint with the Title IX office alleging that two times at the Respondent's off-campus house, when she was "too intoxicated" to consent, non-consensual sexual activity occurred between her and the Respondent. Based on the allegations contained in the online report and the formal complaint, on August 22, 2022, a Notice of Investigation was sent to the Complainant and the Respondent ("NOI"). This NOI alleged that:

1. On or about September 4, 2021, after falling asleep at your off-campus residence, the Complainant woke up to the Respondent masturbating, and that the Respondent then fondled the Complainant's breasts, legs, and between her legs and her buttocks (the "September 4, 2021 Event").

2. Sometime between September 4th and 11th of 2021, the Complainant attended a party at the Respondent's house, and while the Complainant was extremely intoxicated, the Respondent tried taking her pants off and did insert his fingers into the Complainant's vagina without

    consent. The Complainant indicated you stopped after she said, "I'm too drunk for this" (the "September 11, 2021 Event")

3. In early to mid-October of 2021, both the Complainant and the Respondent were on campus at the Delta Phi Epsilon house when the Respondent had non-consensual vaginal intercourse with the Complainant (the "Mid-October Event").

The Respondent was informed that these alleged actions may have violated RIT's Policy on Title IX Sexual Harassment for Faculty, Staff, and Students (C27,0). On August 31, 2022, a subsequent Amended Notice of Investigation was sent to the Complainant and the Respondent, detailing the same three (3) alleged incidents as described in the NOI, but adding the additional potential violation of RIT's Student Gender-Based and Sexual Misconduct Policy (D19.0) because of the location of the alleged incidents.

In the course of the investigation into the September 4, 2021 Event, the September 11, 2021 Event, and the Mid-October Event, additional facts were alleged by the Complainant. These additional facts were related to the investigation and involved the same parties. As a result, the following additional allegations were investigated:

4. On September 18, 2021, both the Complainant and the Respondent attended separate parties. The Complainant felt pressured to go to the Respondent's house after she returned home from the party she attended. The Complainant alleges that the Respondent raped her/engaged in nonconsensual sexual intercourse that evening once at your home (the "September 18, 2021 Event").

5. On September 26, 2021, the Complainant alleges that after going out to dinner with the Respondent, the Respondent took her to the Respondent's home and raped her/engaged in nonconsensual sexual intercourse (the "September 26, 2021 Event').

6. On October 3, 2021, the Complainant alleges that after going to the movies with the Respondent, she returned to the Respondent's home and was raped/engaged in nonconsensual sexual intercourse (the "October 3, 2021 Event").

7. On October 9, 2021, the Complainant alleges that after going to eat with the Respondent, she returned to the Respondent's home and the Respondent raped her/engaged in nonconsensual sexual intercourse (the "October 9, 2021 Event").

8. On October 10, 2021, the Complainant alleges that after going apple picking, shopping for ingredients to make apple pies at Wegmans, out to eat, and baking apple pies at her home –the Respondent raped her/engaged in nonconsensual sexual intercourse on the couch in her open living room area of her sorority house (the Delta Phi Epsilon house) (the "October 10, 2021 Event").

9. On October 30, 2021, the Complainant attended a Halloween Party held at the Respondent's home and multiple witnesses allege that the Complainant was drunk while she attended the party. The Complainant alleges that the Respondent kissed her on her lips without consent and that she pushed the Respondent away with both hands following the kiss (the "October 30, 2021 Event").

Factual Determinations

In determining whether or not the Respondent was responsible for violating RIT policies, the hearing officers considered information contained in reports gathered by Public Safety, the Final Investigation Report and information that both the Respondent and the Complainant shared during the hearing. Based on this information, the hearing officers have made the following factual determinations.

**September 4, 2021 Event** –The Complainant admits that after consuming alcohol, she chose to lay in your bed and declined an offer of a ride from W16 Tirzah Pilet, deciding that she would instead sleep in your bed for "simplicity's sake". The Complainant alleges that while laying on your bed, you touched her body without consent on multiple occasions and that you also masturbated while you were lying in bed with her. You both agree that you went to breakfast following this interaction before you drove the Complainant home. The Complainant's own admissions about her cognizance during the duration of this interaction show that she was sufficiently coherent to consent to the interactions. The Complainant admits that she did not verbally contest to what occurred. Her allegations that she demonstrated physical contestation by not reciprocating or engaging in the behavior were not found to be credible. We also considered the fact that the Complainant agreed to join you for breakfast immediately following this interaction. While having a meal or consensual encounter after an assault does not in and of itself negate that an assault occurred; when looking at the totality of the situation, it was a factor that was considered. Based on a preponderance of the evidence, we determine that no sexual contact occurred that evening. We did not find support for any claim of Sexual Assault: Non-Consensual Sexual Contact (Policy D 19).

**September 11, 2021 Event** – The Complainant indicates that she was too inebriated to consent to any sexual contact that evening. Conflicting witness statements make her exact level of intoxication unclear. She alleges that without consent you: kissed her, fondled her breasts, pubic area, legs and side and digitally penetrated her vagina. She admits that when she said she was too drunk to engage in the conduct you stopped all contact. Further, the Complainant's memory of the events, the fact that she withdrew consent during the contact and the screenshots of text messages she provided undermine her claim that she was inebriated to the point of not being able to consent to what occurred. The Complainant's testimony about what occurred that evening was not credible. Based on a preponderance of the evidence, we determine that Complainant was not kissed, fondled, or digitally penetrated as alleged. We did not find support for any claim of Sexual Assault: Non-Consensual Sexual Contact (Policy D 19).

**September 18, 2021 Event** – The Complainant indicates that she was inebriated when she agreed to come to your home, arranged for you to pick her up, left her home, walked to W4 Blackwell's car, and rode in the car with you and W4 Blackwell back to your home. The Complainant claims that once at your home, you raped her/engaged in nonconsensual sexual intercourse. You allege that no sexual

contact occurred. The Complainant alleges that after you sexually assaulted her on two prior occasions, she left the safety of her home to go to your house. The Complainant's testimony regarding this incident was not found to be credible. Based on a preponderance of the evidence, we determine that no sexual contact occurred. We do not find support for any claims of Sexual Assault: Non-Consensual Sexual Intercourse (Policy D 19).

**September 26, 2021 Event** – The Complainant indicates that after going out to dinner with you, you took her to your home and raped her/engaged in nonconsensual sexual intercourse. The Complainant states that she did not physically or verbally contest the interaction as she was frozen. The Complainant alleges that she felt pressured to accept your invitation to dinner despite her claim that you had sexually assaulted her on three separate prior occasions at the time of this outing. The Complainant's testimony regarding this incident was not found to be credible. Based on a preponderance of the evidence, we determine that no nonconsensual sexual intercourse occurred. We do not find support for any claims of Sexual Assault: Non- Consensual Sexual Intercourse (Policy D 19).

**October 3, 2021 Event** – The Complainant indicates that after going to the movies with you, she returned to your home and was raped/engaged in nonconsensual sexual intercourse. The Complainant states that she did not physically or verbally contest the interaction as she was frozen. The Complainant alleges that she felt pressured to accept your invitation to the movies despite her claim that you had sexually assaulted her on four prior occasions at the time of this outing. The Complainant admits that when she told you that she needed to return to campus for a meeting, you stopped the sexual contact and drove her back to campus. The Complainant's testimony regarding not consenting to this sexual contact was not found to be credible. Based on a preponderance of the evidence, we determine that no nonconsensual sexual intercourse occurred. We do not find support for any claims of Sexual Assault: Non-Consensual Sexual Intercourse (Policy D 19).

**October 9, 2021 Event** – The Complainant indicates that after going to eat with you, she returned to your home and you raped her/engaged in nonconsensual sexual intercourse. The Complainant states that she did not physically or verbally contest the interaction as she was frozen. The Complainant alleges that she felt pressured to accept your invitation to go out to eat despite her claim that you had sexually assaulted her on five separate occasions prior to this outing. The Complainant's testimony regarding not consenting to this sexual contact was not found to be credible. Based on a preponderance of the evidence, we determine that no nonconsensual intercourse occurred. We do not find support for any claims of Sexual Assault: Non-Consensual Sexual Intercourse (Policy D 19).

**October 10, 2021 Event** – The Complainant indicates that after going apple picking, shopping for ingredients to make apple pies at Wegmans, out to eat, and baking apple pies at her home – you raped her/engaged in nonconsensual sexual intercourse on the couch in her open living room area of her sorority house (the Delta Phi Epsilon house). The Complainant alleges that she felt pressured to accept your invitation to go out to meet that day despite her claim that you had sexually assaulted her on six separate occasions prior to the time of this outing. The Complainant's testimony regarding this sexual contact was not found to be credible. Based on a preponderance of the evidence, we determine that no nonconsensual intercourse occurred. We do not find support for any claims of Sexual Assault: Rape (Policy C27.0)

**October 16-17, 2021 Event** – The Complainant indicates that you invited yourself to her home (the

Delta Phi Epsilon house) to bake and spent the night in her bed. She claims that the next morning you raped her/engaged in nonconsensual sexual intercourse. She claims she felt pressured to have you over at her house that evening despite her claim that you sexually assaulted her on seven separate occasions prior to this meeting. The Complainant's testimony regarding this sexual contact was not found to be credible. Based on a preponderance of the evidence, we determine that no nonconsensual intercourse occurred. We do not find support for any claims of Sexual Assault: Rape (Policy C27.0)

**October 30, 2021 Event** – The Complainant states that she willingly attended a party at your home despite allegations that you sexually assaulted her on eight separate occasions prior to attending the party. The Complainant alleges that you kissed her on the lips without consent. Multiple witnesses also state that they saw you "kiss" her. Based on a preponderance of the evidence, we determine that a "kiss" occurred, but that you did not engage in intentional sexual touching. The Complainant's testimony regarding this contact was not found to be credible. We did not find support for any claim of Sexual Assault: Non-Consensual Sexual Contact (Policy D 19).

These factual determinations are based, in part, on the hearing officers' determination that the Complainant's testimony relating to the events at issue was not credible. The hearing officers base this determination on the following:

- The Complainant alleges that she was repeatedly sexually assaulted by you but continuously accepted your invitations to go out to dinner, to the movies, apple picking, etc. Her explanation for accepting these invitations included in part that she was concerned that you might spread untrue rumors about her, that others would learn about the sexual assaults and she would become the target of assault by others, and that you had social power over her because of your status on the men's rowing team;
- Several photographic images were provided which showed The Complainant smiling on various outings with you; some taken only hours after she alleges she was raped;
- The Complainant engaged in playful banter with you on Instagram in response to a post that you made which included a photograph of her when you went apple picking;
- The Complainant agreed to go out to eat with you on several occasions the same morning or the morning following you allegedly raping her;
- The Complainant drove to your house sober in her own car on at least one occasion; seemingly having the ability to leave at any point but chose to spend the night at your home;
- Despite The Complainant's claims that she was fearful of you and your social power over her, she requested to meet you in person to "end things"; and
- The Complainant refused to answer multiple questions that were deemed relevant by the hearing panel.

Conclusion

Considering the facts as determined by a preponderance of the evidence, the hearing officers find the following determinations:

- Sexual Assault: Fondling (Policy C27.0) -- Not Responsible
- Sexual Assault: Rape (Policy C27.0) -- Not Responsible

- Sexual Assault: Non-Consensual Sexual Contact (Policy D 19) -- Not Responsible
- Sexual Assault: Non-Consensual Sexual Intercourse (Policy D 19) -- Not Responsible

As a result, you have been issued the following outcomes(s):

**No Action Taken**
No Action Taken means that the Student's disciplinary status with the university is unaffected.

**Mutual No Contact Order**

As requested by both parties during the hearing, the Mutual No Contact order originally issued by the Title IX Office will remain in place until either or both you and Michelle Carney (Complainant) are no longer students at RIT.

Appeals Process

Under the provisions of the RIT Student Conduct Process, you have the right to appeal this decision to the University Appeals Board, as does Michelle Carney by **May 15, 2023.** Please review this link for Policy C27.0 appeal procedures.

Please use this link to complete your appeal: Appeal Form

If you choose to appeal, Michelle Carney will be notified that you have chosen to appeal. Michelle Carney will then be given an opportunity to appeal the decision and will also be invited to attend the appeals hearing in person. Prior to the appeals hearing, you will both be emailed the other student's appeal letter. If you choose to appeal, the decision and conditions rendered above will remain on hold until the appeal has been completed.

If you have any questions concerning your rights of appeal or the process used in handling your case, Dawn Murray, Administrative Coordinator for Student Affairs, can be reached at 585-475-5664 or via email at dlwdfp@rit.edu.

If you have any questions concerning these outcomes, please feel free to contact me.

Sincerely,

*[signature: Jarron Mortimer]*

Jarron Mortimer
Director, Student Conduct

CC: Thomas Gordner, Co-hearing Panelist
    Stacy DeRooy, Title IX Coordinator
    Public Safety