UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
MARCEL KOSZKUL,

                        Plaintiff,                    Case No. 1:23-cv-06439-JGLC

       -against-                      **FIRST AMENDED**
                                                             **COMPLAINT**

MICHELLE CARNEY,                          Plaintiff demands trial by jury
                                                             of all issues so triable.
                      Defendant.
----------------------------------------------------------------------x

       Plaintiff MARCEL KOSZKUL, by his attorneys, Law Office of Richard A. Altman, for his first amended complaint against defendant, alleges as follows:

## INTRODUCTION

       1. This is an action for defamation, based upon defendant's repeated false accusations that plaintiff sexually assaulted and raped her, on no less than nine separate occasions.

       2. Defendant's false accusations were presented to the Rochester Institute of Technology, in Rochester, New York ("RIT"), where both parties were students at the time.

       3. The RIT rejected each and every one of the defendant's accusations and found her to be not credible.

       4. However, despite the accusations having been rejected, plaintiff's reputation and career have been severely damaged.

-1-

5. The accusations were false and defamatory, defendant knew that they were false and defamatory when she made them, and plaintiff seeks a judicial determination that they are such, together with such damages as the Court and a jury may determine.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1), in that it is between citizens of different States, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Plaintiff is a resident and citizen of the State of Connecticut.

8. Defendant is a resident and citizen of the State of New York.

9. Pursuant to 28 U.S.C. §1391(a), venue is proper in this district, in that the defendant is subject to personal jurisdiction in this district.

## THE PARTIES AND THE STATEMENTS

10. From September 2021 to November 2021, the parties were in a romantic relationship while students enrolled at RIT.

11. Their friends and other students were aware of their relationship.

12. The relationship ended in November 2021, simply because, as defendant told plaintiff in December, he was "not a girl." It was an amicable ending, or at least plaintiff so assumed.

13. However, in April of 2022, plaintiff heard rumors circulated that someone on the men's team had raped someone on the women's team.

14. Plaintiff did not consider at the time that the rumors could have been about him.

15. But on July 29, 2022, defendant sent a statement to RIT's Office of Student Conduct and Conflict Resolution, on a form entitled "Sexual Harassment, Discrimination and Sexual Misconduct Reporting."

16. The statement read in full, "I was sexually assaulted/raped by Marcel at his house during a party he was hosting for our team (we both row for the rowing team)." A copy of the report as submitted is annexed as Exhibit A.

17. The reference to "Marcel" is to the plaintiff.

18. Except for the parenthetical statement that the parties "both row for the rowing team,"the statement is completely false and defamatory *per se.*

19. Sexual assault and rape are serious crimes under New York State law, see Penal L. § 130, and are felonies.

20. A false accusation of a serious crime is defamatory *per se.*

21. On August 22, 2022, defendant submitted a formal complaint to RIT, accusing plaintiff of raping or violating her sexually, on three separate occasions in September and October 2021. A copy of the complaint, which contains additional false and defamatory accusations, is annexed as Exhibit B.

22. Defendant later brought additional separate written accusations against plaintiff, each and every one of which again accused him of sexual assault, allegedly when she claimed

that she was too drunk to consent, or following dates where they went to movies or had dinner together.

23. Those additional accusations were presented to the plaintiff by RIT, but he has been unable to obtain a copy of the form completed by the defendant containing those subsequent accusations.

24. The RIT responded to the defendant's total of nine accusations by scheduling and holding a hearing.

25. The hearing was on April 19, 2023, and both plaintiff and defendant were questioned and spoke at the hearing.

26. The hearing was presided over by two RIT officials and one outside attorney hired by RIT.

27. The parties were not under oath at the hearing, but their written statements were signed, certifying that they were "true and factual to the best of my knowledge."

28. On May 5, 2023, RIT sent to plaintiff a written decision ("the RIT Report") rejecting each and every one defendant's nine separate accusations. A copy of the report is annexed as Exhibit C. That report summarized the accusations, largely in defendant's own words.

29. The RIT Report found that defendant's testimony was "not credible" as to each and every allegation which she had made.

30.  Despite having been fully exonerated by the report, plaintiff has been severely damaged, both professionally and personally, by the false and defamatory statements made by the defendant.

31.  The defendant is not entitled to the defense of either absolute or qualified immunity, because the procedures followed by RIT were not quasi-judicial in nature.

32.  In the case of *Khan v Yale University*, 511 F. Supp. 3d 213 (S.D.N.Y.2021), pending in the U.S. Court of Appeals for the Second Circuit (Case No. 21-95), that Court certified to the Connecticut Supreme Court the question of whether similar accusations of rape and sexual violence in a university community under Title IX of the Education Amendments of 1972 were protected against defamation claims by absolute or qualified immunity.

33.  In response, the Connecticut Supreme Court ruled that immunity for such defamatory accusations depended upon whether the procedures established by Yale University were sufficiently quasi-judicial.

34.  The Court held that those procedures were not sufficiently quasi-judicial so as to entitle the defendants to absolute immunity, and that the question of whether qualified immunity applied was one of fact, to be determined after discovery. The decision is *Khan v. Yale Univ.*, 347 Conn. 1 (June 27, 2023).

35.  The Second Circuit has not yet ruled on the effect of the response to its certification request; the matter is *sub judice*.

36. The procedures followed by RIT in the present case were less quasi-judicial than those of Yale.

37. The parties were not sworn to tell the truth. While they were cross-examined by the hearing board members, the parties's advocates/advisors were only able to ask questions which had been approved by the board. There was no cross-examination of witnesses. Advocates/advisors were not allowed to speak at any other times during the hearing.

38. Those procedures were so deficient as to bar any defense of absolute immunity.

39. Moreover, given the inherently incredible nature of a woman's accusations that she has been raped or sexually assaulted on no less than nine separate occasions by the same man–after repeatedly willingly going on dates with him–the defendant is not entitled to qualified immunity either.

40. Defendant denies to this Court, as he denied in the RIT investigation, that there is any truth whatsoever to defendant's accusations, and asserts that each and every sexual encounter between the parties was fully consensual.

41. Plaintiff's "not being a girl" may have been sufficient for defendant to end the relationship, but it cannot possibly justify her accusations.

42. While RIT reached the correct result, the damage to plaintiff's reputation and career prospects has been and will continue to be severe.

## FIRST CAUSE OF ACTION
### (Libel *per se*)

43. Plaintiff re-alleges paragraphs 1 through 42.

44. The RIT Report attributes to the defendant the making of the following statement: "On or about September 4, 2021, after falling asleep at your off-campus residence, the Complainant woke up to the Respondent masturbating, and that the Respondent then fondled the Complainant's breasts, legs, and between her legs and her buttocks."

45. The Complainant is the defendant in this action, and the Respondent is the plaintiff.

46. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

### SECOND CAUSE OF ACTION
### (Libel *per se*)

47. Plaintiff re-alleges paragraphs 1 through 42.

48. The RIT Report attributes to the defendant the making of the following statement: "Sometime between September 4th and 11th of 2021, the Complainant attended a party at the Respondent's house, and while the Complainant was extremely intoxicated, the Respondent tried taking her pants off and did insert his fingers into the Complainant's vagina without consent. The Complainant indicated you stopped after she said, "I'm too drunk for this.""

49. The Complainant is the defendant in this action, and the Respondent is the plaintiff.

50. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

## THIRD CAUSE OF ACTION
### (Libel *per se*)

51. Plaintiff re-alleges paragraphs 1 through 42.

52. The RIT Report attributes to the defendant the making of the following statement: "In early to mid-October of 2021, both the Complainant and the Respondent were on campus at the Delta Phi Epsilon house when the Respondent had non-consensual vaginal intercourse with the Complainant."

53. The Complainant is the defendant in this action and the Respondent is the plaintiff.

54. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

## FOURTH CAUSE OF ACTION
### (Libel *per se*)

55. Plaintiff re-alleges paragraphs 1 through 42.

56. The RIT Report attributes to the defendant the making of the following statement: "On September 18, 2021, both the Complainant and the Respondent attended separate parties. The Complainant felt pressured to go to the Respondent's house after she returned home from the party she attended. The Complainant alleges that the Respondent raped her/engaged in nonconsensual sexual intercourse that evening once at your home."

57. The Complainant is the defendant in this action and the Respondent is the plaintiff.

58. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

### FIFTH CAUSE OF ACTION
### (Libel *per se*)

59. Plaintiff re-alleges paragraphs 1 through 42.

60. The RIT Report attributes to the defendant the making of the following statement: "On September 26, 2021, the Complainant alleges that after going out to dinner with the Respondent, the Respondent took her to the Respondent's home and raped her/engaged in nonconsensual sexual intercourse."

61. The Complainant is the defendant in this action and the Respondent is the plaintiff.

62. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

### SIXTH CAUSE OF ACTION
### (Libel *per se*)

63. Plaintiff re-alleges paragraphs 1 through 42.

64. The RIT Report attributes to the defendant the making of the following statement: "On October 3, 2021, the Complainant alleges that after going to the movies with the Respondent, she returned to the Respondent's home and was raped/engaged in nonconsensual sexual intercourse."

65. The Complainant is the defendant in this action and the Respondent is the plaintiff.

66. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

### SEVENTH CAUSE OF ACTION
### (Libel *per se*)

67. Plaintiff re-alleges paragraphs 1 through 42.

68. The RIT Report attributes to the defendant the making of the following statement: "On October 9, 2021, the Complainant alleges that after going to eat with the Respondent, she returned to the Respondent's home and the Respondent raped her/engaged in nonconsensual Sexual intercourse."

69. The Complainant is the defendant in this action and the Respondent is the plaintiff.

70. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

### EIGHTH CAUSE OF ACTION
### (Libel *per se*)

71. Plaintiff re-alleges paragraphs 1 through 42.

72. The RIT Report attributes to the defendant the making of the following statement: "On October 10, 2021, the Complainant alleges that after going apple picking, shopping for ingredients to make apple pies at Wegmans, out to eat, and baking apple pies at her home

–the Respondent raped her/engaged in nonconsensual sexual intercourse on the couch in her open living room area of her sorority house (the Delta Phi Epsilon house)."

73. The Complainant is the defendant in this action and the Respondent is the plaintiff.

74. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

### NINTH CAUSE OF ACTION
### (Libel *per se*)

75. Plaintiff re-alleges paragraphs 1 through 42.

76. The RIT Report attributes to the defendant the making of the following statement: "October 16-17, 2021 Event – The Complainant indicates that you invited yourself to her home (the Delta Phi Epsilon house) to bake and spent the night in her bed. She claims that the next morning you raped her/engaged in nonconsensual sexual intercourse."

77. The Complainant is the defendant in this action and the Respondent is the plaintiff.

78. The statement is false and defamatory *per se*, as an accusation of a felonious crime.

### RELIEF DEMANDED

WHEREFORE, plaintiff demands relief as follows:

On each of the nine causes of action, a judgment declaring that the statement therein attributed to the defendant was actually made by her, that it is false and defamatory, and that

plaintiff is entitled to compensatory and punitive damages against defendant in such sums as may be awarded by a jury and the Court, but not less than $100,000 on each one;

Together with the costs and disbursements of this action, and such other relief as may be just, including reasonable counsel fees.

Dated: New York, New York
    October 6, 2023

*Richard A. Altman*

LAW OFFICE OF RICHARD A. ALTMAN
Attorneys for Plaintiff
150 East 56th Street, Suite 12B
New York, NY 10022
212.633.0123
altmanlaw@earthlink.net